USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDIBLE GARDEN AG INCORPORATED,

Plaintiff,

-against-

NARAYAN PROIZVODNJA IN VELETRGOVINA D.O.O., NYM GMBH, NARAYAN GMBH, NARAYAN FOODS UK LIMITED, NARAYAN AGRI D.O.O.,

Defendants.

1:25-cv-06693-MKV

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE

MARY KAY VYSKOCIL, United States District Judge:

Before the Court is Edible Garden AG Incorporated ("Edible Garden")'s *ex parte* motion for leave to effectuate service of process under Federal Rule of Civil Procedure 4(f)(3). [ECF No. 18].

Edible Garden seeks leave to serve by alternative means only Defendant Narayan Foods UK Limited ("Narayan UK"). After attempting service upon Narayan UK through the Central Authority of the United Kingdom (the "Central Authority"), Plaintiff received notice that service had been attempted but failed because the "Defendant company [is] not known at the address given." [ECF No. 18-1] ¶ 7 (quoting [ECF No. 18-4] at 4). Edible Garden seeks to serve Narayan UK via email to two individuals, both of whom are authorized representatives of the Narayan Entities and with both of whom Plaintiff has had case-related contact at the relevant email addresses. *See* [ECF No. 18-1] ¶¶ 27–32.

Rule 4(f)(3) permits a court to authorize an alternative means of service upon a foreign defendant so long as that means of service is not prohibited by international agreement and comports with constitutional notions of due process. *See SEC v. Anticevic*, No. 05-CV-6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb.13, 2009). Although not explicitly provided for

in the Rule, district courts in this Circuit generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary. *See Devi v. Rajapaska*, No. 11-CV-6634 (NRB), 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012).

The Hague Convention does not seem to prohibit service via email under the circumstances presented here, and it does seem that Edible Garden has made a reasonable attempt to serve. Edible Garden represents that it attempted service through the Central Authority at the address listed on Narayan UK's certificate of incorporation, [ECF No. 18-1] ¶ 17 (citing [ECF No. 18-2] at 3), and that it is aware of no other address, [ECF No. 18-1] ¶ 18. Against this backdrop, the Court's intervention appears necessary. Furthermore, the Court is persuaded by Edible Garden's submissions that service by the means proposed would result in actual notice to Narayan UK.

Accordingly, the motion is GRANTED, and the Court authorizes Edible Garden to serve copies of the complaint and summons on Defendant Narayan Foods UK Limited via email to Žiga Vraničar and Mario Brumat at their business email addresses, ziga.vranicar@narayanfoods.com and mario.brumat@narayanfoods.com, respectively.

**SO ORDERED.**

**Date: September 10, 2026**
**New York, NY**

*Mary Kay Vyskocil*

**MARY KAY VYSKOCIL**
**United States District Judge**